Fee Paid

FILED
2018 MAY 18 PM 2:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: LAW

Tiffany Tate
312 Willow Oak Circle
Pikesville, MD 21208
410-654-5668
tiffany_tate@msn.com

SACV18-00877 JLS (AFMx)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TIFFANY TATE; an individual
MARYLAND PARTNERSHIP FOR PREVENTION; a corporation
MICHAEL ZOLLICOFFER, MD, PA; a professional association

**Plaintiffs,**

v.

KAREO, a local business entity;
DAN RODRIGUES, an individual;
BRIAN ROBY, an individual;
DIANE PARKER, an individual;

**Defendants.**

## VERIFIED COMPLAINT

Plaintiffs, TIFFANY TATE, an individual, MARYLAND PARTNERSHIP FOR PREVENTION, a Maryland corporation, MICHAEL ZOLLICOFFER, MD, a professional association sue Defendants, Kareo, a local business entity, Dan

1
COMPLAINT FOR CIVIL DAMAGES

Rodrigues, Brian Roby, and Diane Parker (hereinafter referred to as "Defendants") and states:

## NATURE OF THE ACTION

1. This is a civil action for compensatory damages which exceed Fifteen Thousand Dollars ($15,000) brought by Plaintiffs against Defendants. Defendants consist of a medical billing company and related representatives of the company. Defendants have been the source of Plaintiffs' contractual damages, the result of breach of contract; and negligence. The Plaintiffs are also entitled to damages from the Defendants, collectively and/or individually, under the doctrine of promissory estoppel based on Plaintiffs' reasonable, detrimental reliance upon Defendants' specific representations and promises.

## THE PARTIES

2. Plaintiff, Tiffany Tate, is Executive Director of the Maryland Partnership for Prevention.

3. Plaintiff, Maryland Partnership for Prevention, Inc (hereinafter referred to as MPP) is a non-profit corporation.

4. Plaintiff, Michael Zollicoffer, MD, PA is a professional association.

5. Defendant, Kareo is a local business entity, authorized to do business in the State of California. At all times alleged in this Complaint for Damages, Kareo was operated by its Board of Directors, corporate officers, managing agents, servants, supervisory employees and/or representatives.

6. Defendant, Dan Rodrigues is Chief Executive Officer of Kareo. He is sued in his capacity as top executive of Kareo.

2
COMPLAINT FOR CIVIL DAMAGES

7. Defendant, Brian Roby is an executive with Kareo. He is sued in his capacity as an executive of Kareo.

8. Defendant, Diane Parker is an executive with Kareo. She is sued in her capacity as a representative of Kareo.

9. Upon information and belief the Plaintiffs believe, and therefore allege that each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant. Each defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority. Alternatively, each of the alleged acts and omissions of each defendant, while serving as an agent for one or more of the co-defendant(s), were subsequently ratified and adopted by each and every other defendant as principal.

## FACTUAL ALLEGATIONS

10. In December of 2015, Plaintiff Tate contacted Kareo regarding performing billing services for Plaintiff MPP for immunizations they administer in schools. The services needed from Kareo entailed submitting claims to insurance companies to seek reimbursement for thousands of claims of people who had received these services in schools. Defendants were to segregate these medical claims from those that were performed by Plaintiff Dr. Zollicoffer in his office. It was stated that the MPP claims for the school immunizations had to be submitted by May 2016.

11. In December 2015, Defendants initiated an oral contract by stating that they would fulfill Plaintiff's request of submitting the claims by the deadline stated.

12. Between December 2015 and February 2016, Plaintiff Tate and Defendants had several discussions to negotiate the terms of the services that would be provided.

13. In February 2016, the oral contract was finalized when the Defendants provided Plaintiff with the cost of the contract and Plaintiff accepted.

14. Between February 2016 and May 2016, Defendants repeatedly told Plaintiff that they had identified a way to fulfill Plaintiff's request, but were working on several other, more efficient solutions.

15. In February 2016, when Defendants had not begun processing Plaintiffs' claims, Plaintiff Tate began to express concern that that Defendants would not be able to meet Plaintiffs' deadline.

16. Between February 2016 and May 2016, Plaintiffs' expressed concern verbally and in writing about Defendant's ability to meet the deadline for submitting these claims. Each time, Defendants reassured Plaintiffs the deadline would be met, stating "no worries".

17. In May 2016, after several months of reassuring Plaintiffs that they were able to perform the work requested in the stated timeline, Defendants informed Plaintiff that they were unable to perform the work requested. This late declaration made it impossible for Plaintiffs to get the work done elsewhere, resulting in the loss of collecting reimbursement for thousands of medical claims.

## INJURIES TO PLAINTIFFS

18. Defendants, acting individually and in concert with others, directly and through their agents, breached a contract with the Plaintiffs.

19. Defendants' actions, as described above, have caused Plaintiffs extreme financial hardship and significant loss of income.

## FIRST CAUSE OF ACTION FOR BREACH OF AN IMPLIED-IN-FACT CONTRACT/ PROMISSORY ESTOPPEL

(By Plaintiffs against Defendants )

20. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Plaintiffs reasonably relied to their detriment upon the promises, both express and implied, made by Defendants, as above described. In particular, the Defendants, jointly and severally, advised the Plaintiffs that they would be able to perform the desired work in the time period specified.

22. As a direct and proximate result of the Defendants' breach of implied contract/ breach of promissory estoppel, Plaintiffs have suffered very significant economic damages as the direct result of Defendants' contractual breaches, including but not limited to lost profit and other damages to be determined at trial.

WHEREFORE, the Plaintiffs request the following relief:
   a. An award of monetary damages for all direct and consequential damages that have resulted from the Defendants' conduct;
   b. Pre-judgment and post judgment interest on all monetary awards;
   c. An award of all attorney's fees and litigation costs incurred in bringing this action;
   d. Such other further relief as the Court deems just.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
**(By Plaintiffs against Defendants)**

23. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

24. Defendant has harmed Plaintiffs by violating the terms of the oral contract entered into in February 2016.

WHEREFORE, the Plaintiffs request the following relief:

a. An award of monetary damages for all direct and consequential damages that have resulted from the Defendants' breach of the contract

## DAMAGES

25. As a proximate result of the conduct of Defendants, and each of them, Plaintiffs have suffered economic damages. In doing the acts herein alleged, Defendants, and each of them.

26. The conduct of Defendants was negligent. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to these actions.

//

//

## REQUEST FOR RELIEF

27. WHEREFORE, Plaintiffs respectfully request that judgment enter in favor of Plaintiffs and against Defendants and each of them as follows:

a. On all claims, for general and special damages according to proof;

b. On all claims, for costs, interest and reasonable attorney's fees;

c. For such other relief as is just and proper.

WHEREFORE, the Plaintiffs, Plaintiffs, TIFFANY TATE, an individual, MARYLAND PARTNERSHIP FOR PREVENTION, a Maryland corporation, MICHAEL ZOLLICOFFER, MD, a professional association sue Defendants, Kareo, a local business entity, Dan Rodrigues, Brian Roby, and Diane Parker (hereinafter referred to as "Defendants") in the amount of Two Hundred Thousand Dollars ($200,000), plus the amount of special damages as deemed suitable by the Court, plus reasonable attorneys' fees and costs incurred by Plaintiffs in connection with these proceedings, and any additional relief that the Court deems just and fair.

1
2       Under penalties of perjury, I declare that I have read the foregoing and have
3  personal knowledge of all facts described in paragraphs 1 through 27 of this
4  Compliant and that the facts detailed therein are accurate and true.
5                                    For All Plaintiffs
6
7
8                                    [signature]
9                                    Tiffany Tate
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7
**COMPLAINT FOR CIVIL DAMAGES**





